HARDY, Judge.
Plaintiff instituted this suit seeking judgment in the total sum of $16,256 representing property damage to his Buick Sedan automobile and personal injuries sustained as the result of an automobile collision with a U/2 ton Chevrolet truck belonging to the defendant, Arkmo Lumber Company, and driven by one of its employees. Aetna Casualty & Surety Company, as liability insurer, is joined as a party, defendant.
The accident occurred at the intersection of Marshall and Fourth Streets in the City of Shreveport at or about the hour .of 6:15 P.M. on the 29th day of May, 1950. Marshall Street is a right-of-way thoroughfare. At the time plaintiff was proceeding south on Marshall Street, which is about •fifty feet in width, driving his new Buick automobile, which had been driven less than 500 miles at the time, at a speed of 21 to 25 miles per hour. Fourth Street, which is thirty-six feet in width, intersects Marshall Street from the east on a perceptible upgrade, extending for some one hundred feet more or less. At the intersection the view of drivers of vehicles entering Marshall Street from the east is obscured by a billboard located at the northeast corner of the intersection, which obstructs observation of southbound traffic on Marshall Street until the front of the entering vehicles have reached a point about even with the sidewalk on the east side of Marshall Street.
At the time of the accident a light drizzling rain was falling and the streets were somewhat slippery, although there was no impairment of visibility. Plaintiff, a barber, had left his work in a. downtown shop and was en route to his home. Marshall Street is one of the heavily traveled thoroughfares of the City of Shreveport, a main exit from the downtown section, and at and about the time of the accident the southbound traffic away from town is particularly congested. As plaintiff’s car .approached the intersection the truck of defendant lumber company, driven by one Oscar Bolin, entered Marshall from Fourth Street where it began to make a left-hand turn south on Marshall. As the truck *424 reached the southwest quadrant of the intersection, haying almost if not entirely completed the turning maneuver, the front of plaintiff's automobile crashed into the right rear corner and wheels of the truck, the hood being thrust up under the rear of the truck’s steel body.
It is alleged by plaintiff that the negligence of defendant’s driver in entering the intersection without maintaining a proper lookout, without observing traffic; driving into the intersection abruptly and at great speed, and making a left turn, were the sole and proximate cause of the accident. Similarly defendant charges negligence on the part of plaintiff in driving at an excessive rate of speed, failing to maintain a proper lookout, and control of his automobile; failing to observe the entry into and the preemption of the intersection by the truck, and failing to take proper per-cautions to avoid the collision. Alternatively defendant alleges contributory negligence and, again alternatively, pleads the doctrine of last clear chance as against plaintiff.
There were no eye witnesses to the collision save the drivers of the two vehicles, whose narratives of the facts are contradictory, although we are impressed with the fact that obviously each of them made every effort to be completely fair and honest in his testimony. Certain facts appear to us to be definitely established. According to plaintiff the only traffic ahead of him was a trolley bus proceeding' in the same direction at a distance of about a city block, and there was nothing to prevent his observation of traffic entering from Fourth Street. According to the testimony of Bolin, the truck driver, he had brought his truck, which was 21 feet long and approximately 8 feet wide, to a stop on Fourth Street at the intersection in accordance with law, had observed, apparently, the same trolley bus; had waited for the bus to stop on Marshall Street and when it proceeded, there being no observable traffic in either direction, he entered Marshall Street at a slow rate of speed, which he estimated at ten miles per hour, and made a left-hand turn to the south on Marshall. The truck driver never did see plaintiff’s automobile and his first knowledge of its approach was the impact of the collision in the vicinity of the right rear of his truck. Neither did plaintiff observe the truck until, according to his own testimony, he was within approximately twenty feet thereof.
We think these facts in themselves are determinative of the issue. Considering the slow rate of speed of the entering truck and the distance traversed in the maneuver of making the left-hand turn, which had been almost if not entirely completed, it is evident that plaintiff was a considerable distance north of the intersection when the truck entered therein and it follows that if he had been keeping any sort of reasonable lookout he could have perceived the unquestionable preemption of the intersection in more than sufficient time to bring his vehicle, which was moving at a reasonable rate of speed, to a stop. Pretermitting a consideration of negligence on the part of the truck driver, of the existence of which we are far from convinced, we think there is no question as to the contributory negligence on the part of plaintiff which effectively bars recovery. There was no impediment to nor interference with plaintiff's view of the intersection for a considerable distance, and the only reason that is assigned by plaintiff is the abrupt entrance of the truck into the intersection at a high rate of speed. Plaintiff woefully failed to establish either of these facts.
Our learned brother of the District Court, in an excellently well-reasoned and detailed opinion, arrived at the same conclusion on the basis of the facts established on trial, and we perceive no error of any nature or degree in his findings, nor in the judgment.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.