HARDY, Judge.
This is a suit by plaintiff for the recovery of $410.65 representing damages to his Chevrolet automobile in a collision allegedly attributable to the negligence of defendant. After trial judgment was rendered in favor of plaintiff as prayed, from which judgment defendant has appealed.
The accident which is the basis of this suit occurred shortly after 9:00 A. M. on July 13, 1953, at the intersection of Ockley Drive and Line Avenue in the 'City of Shreveport. At the time plaintiff’s automobile was being driven by his fifteen-year old daughter, who was proceeding south on Line Avenue at a lawful rate of speed of approximately thirty miles per hour. Defendant was driving a 'Chevrolet pick-up truck west on Ockley Drive and had brought his vehicle to a complete stop at the dead-end intersection of Ockley Drive with Line Avenue preparatory to making a left-hand turn and continuing his course south on Line. Without observing the approach of plaintiff’s car, defendant entered Line Avenue, began to make the turn, and his truck was struck on the right rear thereof by the left front of plaintiff’s car just before or about the time defendant had completed his turn. The streets were wet and slick as the result of a rain which had ceased shortly prior to the time of the accident. Plaintiff’s daughter testified that she noticed defendant’s truck at a stop at the entrance of Ockley into Line; that when she was at a distance, which she estimated to be some fifty to sixty feet, she observed the truck beginning the entrance into and turn south on Line Avenue, and that she immediately applied her brakes in the general attempt to avoid the collision. The preponderance of testimony clearly supports this version of the accident.
In view of defendant’s testimony that he did not see the approach of the Simmons’ car, it is clear that he was guilty of negligence in failing to observe that which could and should have been seen, which negligence was a proximate cause of the accident.
Defendant urges that plaintiff’s daughter was guilty of negligence which was the sole proximate cause of the accident, and, alternatively, that she was guilty of contributory negligence.
*476 The specific charges of negligence which are asserted by defendant are that Miss Simmons was traveling at an excessive rate of speed, estimated to be in excess of fifty miles per hour; in any event, at an excessive rate of speed on a wet, slippery street; did not have her car under proper control; was not keeping a proper lookout, and failed to observe the defendant in her path and take necessary steps to avoid a collision.
We think it is unnecessary to enter into any detailed discussion of the several charges of negligence above iterated in view of our conclusion that defendant has completely failed to establish any one of the charges. We think it desirable only to note that at the time defendant began his move into Line Avenue plaintiff’s car was only some sixty feet, more or less, distant. Reference to the table of stopping distances as shown in Volume 14, Tulane Law Review, at page 503, indicates that the combined reaction and net braking stopping distances of a vehicle traveling thirty miles per hour under excellent conditions, average conditions and poor conditions, are respectively, 68.3 feet, 83 feet and 183 feet. Admittedly the conditions could not have been considered to be better than average, and we are inclined to believe that the conditions were poor. In any event, the conclusion is inescapable that the driver of plaintiff’s car was free of any acts of negligence or of contributory negligence.
Defendant strongly relies upon the case of Herlong v. Arkmo Lumber Company, La.App., 53 So.2d 423. The cited case was clearly and conclusively distinguished by our learned brother of the district court in his written opinion on application for rehearing in the following words:
“It is true that the general facts are similar, but vastly different on a crucial point. In the case at bar and in the cited case the plaintiffs were traveling south on a right-of-way street in the daytime in a misting rain, and the defendants each approached the right-of-way street from the east, driving trucks; both stopped at the intersection and, after stopping, both entered the right-of-way street, making a left turn to continue south on said street; and each had practically made the left turn when the plaintiffs struck the trucks and damaged their automobiles. Here the similarity ends.
“In the cited case, according to the trial judge’s written opinion, the defendant’s truck was 21 feet long, and while at rest the rear of the truck was 25 feet east of the curb line of Marshall Street, which is 50 feet in width. The truck entered Marshall Street and had traveled a distance of approximately fifty feet from its standing position to the point where it was struck by plaintiff’s automobile. The truck was traveling at a rate of approximately ten miles per hour. The plaintiff was driving about twenty-five miles per hour and, according to the Court’s calculation, 'he was 200 feet or more north of the point of impact when the truck began its entry into Marshall Street.’ Plaintiff testified that he did not see the truck until he was within twenty feet of the truck, and that at the moment there was no traffic to impair his vision that kept him from being able to see the truck which preempted the intersection. The Court then concluded its opinion by stating, ‘Being of the opinion that plaintiff’s failure to observe the entry and presence of defendant’s truck in the intersection at a time when he should have seen it and his consequent failure to stop his car before colliding with the rear end of the truck was a proximate cause of the accident, plaintiff is barred from any recovery herein because of his own contributory negligence.’
“In the case at bar the evidence shows that plaintiff was traveling at a speed of thirty miles per hour (44 feet per second). She saw defendant’s truck in a standing position on the east side of Line Avenue. When she was within fifty feet of the intersection *477 defendant drove into Line Avenue and across plaintiff’s line of passage. Plaintiff immediately applied her brakes and was unable to stop before colliding with defendant’s truck. She did all in her power to avoid the accident. Her speed was not unlawful; and at the moment that defendant moved from a place of safety into Line Avenue, plaintiff was only fifty feet away, traveling at the rate of 44 feet per second. And considering the reaction time to be three-fourths of a second, she traveled 33 feet by the time her foot was on the brake, and at that time she was within 17 feet of defendant’s truck and could not stop her car before colliding with it. This plaintiff was entirely free of any negligence, hence there was no contributory negligence on her part.”
We are completely satisfied that defendant’s negligence was not only a proximate cause but was the sole and proximate cause of the accident. It follows that the judgment appealed from is correct and, accordingly, it is affirmed at appellant’s cost.